```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                  EASTERN DIVISION


    LINDA CASEY,                    )
                                    )
              Plaintiff,             )
                                    )
         v.                         )    No. 14 C 3541
                                    )
    AMERICAN INTERNATIONAL           )
    GROUP, INC., a Delaware          )
    corporation a/k/a AMERICAN       )
    GENERAL LIFE INSURSANCE CO.      )
    f/k/a WESTERN NATIONAL LIFE      )
    INSURSANCE CO. f/k/a AIG         )
    ANNUITY INSURANCE CO.,           )
                                    )
              Defendant.
```

MEMORANDUM OPINION AND ORDER

Linda Casey ("Casey") has sued American International Group, Inc. ("AIG") for allegedly breaching an annuity contract. AIG has moved to dismiss Casey's complaint under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. I deny AIG's motion for the reasons stated below.

I.

At the motion to dismiss stage, I must accept Casey's factual allegations as true and draw all reasonable inferences in her favor. *See Geinosky v. City of Chicago*, 675 F.3d 743, 746 (7th Cir. 2012). I may also consider the documents attached to AIG's motion to dismiss--i.e., the two underlying annuity applications, the annuity contract, and a March 1, 2013 letter--

1

because Casey referred to these documents in her complaint and they are central to her claim. *Id*. at 745 n.1. I also take note of the exhibits Casey has submitted in opposition to AIG's motion to dismiss because they illustrate facts that she intends to prove. *Id*.

On March 12, 2008, Natalie Bailey ("Bailey") applied for a $96,000 annuity policy as the "owner" and "annuitant." Casey executed the application as "joint owner." Bailey's application contains the signature of an AIG agent named Henry Meyer, but the complaint is silent about what role, if any, he played in preparing or reviewing Bailey's application.

The annuity application states that in the event of Bailey's death, the joint owner (Casey) would become the primary beneficiary of the policy unless Bailey designated otherwise. Bailey checked a box on her March 12, 2008 application to change this default designation and attached a schedule of eighteen beneficiaries. Casey is listed on this schedule as a "friend" entitled to eight percent of the policy proceeds in the event of Bailey's death. Bailey and Casey both signed the hand-written schedule of beneficiaries.

On March 17, 2008, AIG issued an annuity policy to Bailey that listed her initial premium payment as $97,000. *See* Def.'s Ex. B (Policy No. 1ET01836). As the policy owner, Bailey had the right to change her beneficiary designations. *Id*. at 4.

The annuity contract contained the following language about changing beneficiary designations:

> If you make a beneficiary change, the change will take effect on the date you sign the change request form. However, we are not responsible for any payment or other action taken before we have received and acknowledged in writing your change request.

*Id.* at 5.

On April 1, 2008, Bailey and Casey executed a second annuity application that left in place the default designation of Casey, the joint owner, as the policy's primary beneficiary. Bailey's second application listed the number of her existing annuity policy (1ET01836), but did not bear the signature of a licensed AIG agent.

Bailey died on May 28, 2011 at the age of eighty-two. Casey subsequently demanded that AIG pay her the benefits owed to the primary beneficiary of Bailey's annuity policy.

In a letter to Casey's attorney dated March 1, 2013, AIG acknowledged it had received Casey's second annuity application dated April 1, 2008. *See* Def.'s Ex. C. However, AIG stated that Bailey's second application did not change her beneficiary designations: "As the annuity was, by [then], in force, the second application was not necessary to set up the annuity, and it was not viewed as an attempt to change the beneficiary." *Id*.

AIG's letter also described an inquiry made by Henry Meyer, "the writing agent of [Bailey's] annuity," on June 12, 2008.

3

AIG asserted that the "specific purpose" of Meyer's inquiry was to confirm that "the [eighteen] beneficiary designation attached to [Bailey's] original application were in place." *Id*.

Not satisfied with AIG's response, Casey filed a Consumer Complaint Form with the Illinois Department of Insurance ("IDOI") on September 24, 2013. In its response to Casey's complaint, AIG reiterated its position that "[t]he receipt of [Bailey's] additional application was not considered to be a request for a change in the beneficiaries listed in the document executed by Ms. Bailey and Ms. Casey on March 12, 2008 and was not treated as such." Dkt. No. 14-5.

Casey filed suit against AIG in the Circuit Court of Cook County on March 31, 2014. After removing the case to federal court based on diversity of citizenship, AIG filed a motion a dismiss. In opposition to AIG's motion, Casey has submitted a letter from AIG to a claimant named Geraldine Simmons dated November 10, 2011. In that letter, AIG appears to take the position that Bailey's second application did, in fact, change her beneficiary designations:

> As you can see, this [second] policy application is different than the first application submitted as the box is no longer checked indicating that they would like for the surviving joint owner to receive the death benefits should one joint owner pass away.

Dkt. No. 14-3.

4

II.

In order to survive AIG's motion to dismiss, Casey's complaint must state a plausible breach of contract claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that complaint must contain "only enough facts to state a claim to relief that is plausible on its face").[1]

The parties agree that Illinois law governs this dispute. The Seventh Circuit recently summarized the legal requirements in Illinois for changing the beneficiary designations in an annuity policy:

> Under Illinois law, "[w]here the insurer has specified in the policy the method for changing the beneficiary, some type of compliance with the policy terms is required." *Hoopingarner v. Stenzel*, 768 N.E.2d 772, 776 (Ill App. Ct. 2002). Of course, exact compliance with policy terms will effectuate a change in an insurance policy's beneficiaries; however, in Illinois, "exact compliance with the terms of the policy is not necessary" to effectuate a change. *Aetna Life Ins. Co. v. Wise*, 184 F.3d 660, 664 (7th Cir.1999).
>
> Recognizing that "technical compliance with the policy provisions is solely for the benefit of the insurer, to protect it from paying the wrong person and being forced to pay twice," Illinois courts recognize the doctrine of substantial compliance. *Travelers Ins. Co. v. Smith*, 435 N.E.2d 1188, 1190 (Ill. App. Ct. 1982). As long as a policyholder has shown sufficient "intent to make the change [in beneficiaries] and positive action towards effecting that end," this doctrine allows courts to overlook a policyholder's

---

[1] AIG's motion to dismiss cites the "no set of facts" standard from *Conley v. Gibson*, 355 U.S. 41 (1957), despite the widely publicized "retirement" of this standard in *Twombly*. *See* 550 U.S. at 563.

5

> failure to comply with every detail of a policy's terms. *Dooley v. James A. Dooley Assocs. Emps. Ret. Plan*, 442 N.E.2d 222, 227 (Ill. 1982).

*Minn. Life Ins. Co. v. Kagan*, 724 F.3d 843, 849 (7th Cir. 2013) (paragraph break added).

The doctrine of substantial compliance is limited to interpleader actions by an insurance company to determine who, among all rival claimants, is entitled to the proceeds of a decedent's policy. Indeed, every Seventh Circuit case applying the Illinois doctrine of substantial compliance has been an interpleader action where the insurance company faced no risk of paying the wrong person or paying out twice on a policy.[2]

The only Illinois Supreme Court case applying the doctrine of substantial compliance also mirrors the posture of an interpleader action. *See Dooley*, 442 N.E.2d at 227 (noting that trustee occupied "position akin to that of an insurer" taking a

---

[2] *See e.g.*, *Kagan*, 724 F.3d at 846; *Sternitzke v. Pruco Life Ins. Co.*, 64 Fed.Appx. 582, 583 (7th Cir. 2003); *Aetna Life Ins. Co. v. Wise*, 184 F.3d 660, 661 (7th Cir. 1999); *Rendleman v. Metro. Life Ins. Co.*, 937 F.2d 1292, 1294 (7th Cir. 1991); *Conn. Gen. Life Ins. Co. v. Gulley*, 668 F.2d 325, 326 (7th Cir. 1982); *Continental Assurance Co. v. Platke*, 295 F.2d 571, 571 (7th Cir. 1961); *Criscuolo v. U.S.*, 239 F.2d 280, 281 (7th Cir. 1956); *John Hancock Mutual Life Ins. Co. v. Douglass*, 156 F.2d 367 (7th Cir. 1946); *Prudential Ins. Co. of Am. v. Moore*, 145 F.2d 580, 580 (7th Cir. 1944); *see also Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 566 (7th Cir. 2002) (interpleader action in which court held that ERISA preempts Illinois doctrine of substantial compliance); *Davis v. Combes*, 294 F.3d 931, 940-42 (7th Cir. 2002) (applying federal common law doctrine of substantial compliance).

neutral position "since all of the claimants [to the underlying policy] are before the court").

In contrast to an interpleader action involving all rival claimants, Casey has sued AIG on the ground that she alone is entitled to the proceeds of Bailey's annuity policy. In this scenario, AIG is entitled to require "strict compliance" with the policy terms governing beneficiary changes. *See John Alden Life Ins. Co. v. Propp*, 627 N.E.2d 703, 706 (Ill. App. Ct. 1994) ("As a general rule, when an insurance policy or annuity contract specifies a method for changing beneficiaries, that method is exclusive and a change by any other means is ineffectual."); *see also Kitchen v. North Am. Accident Ins. Co.*, 118 N.E.2d 48, 50 (Ill. App. Ct. 1954); *Kurgan v. Prudential Ins. Co.*, 91 N.E.2d 620, 624 (Ill. App. Ct. 1950).

Although Casey's entitlement to relief turns on whether Bailey's second annuity application amounted to "strict" or "exact" compliance with the terms of the existing policy, she need not prove her case in the complaint. *See Bryant v. Jackson Nat'l Life Distributors, LLC*, No. 12 C 9391, 2013 WL 1819927, at *3 (N.D. Ill. Apr. 30, 2013) ("Plaintiffs are not required at the pleading stage to allege every detail demonstrating that [decedent strictly] complied with the terms of the policy.").

At this stage, Casey's claim is plausible because the annuity contract does not, on its face, foreclose her asserted

entitlement to relief. Bailey's policy does not define the term "change request form" or specify that a successive annuity application listing an existing policy number is insufficient to change a policyholder's beneficiary designations. Similarly, Bailey's policy does not state whether or when AIG may refuse to "receive[] and acknowledge" a beneficiary change request. *See* Dkt. No. 10-2 at 5. Casey has presented evidence suggesting that AIG received Bailey's second annuity application and understood that Bailey was attempting to make Casey the primary beneficiary of her existing annuity policy. Indeed, AIG appears to have advanced this interpretation of Bailey's second application in its November 10, 2011 letter to claimant Geraldine Simmons only to reverse course when Casey sought to recover the full proceeds of Bailey's policy. *Compare* Dkt. No. 14-3 *with* Dkt. Nos. 14-4 and 14-5.

In sum, AIG is not entitled to judgment as a matter of law because of ambiguities in the underlying policy and evidence suggesting that AIG viewed Casey as the primary beneficiary of Bailey's annuity policy until it no longer served AIG's purposes to do so. *See Quake Construc., Inc. v. Am. Airlines, Inc.*, 565 N.E.2d 990, 994 (Ill. 1990) ("If the language of an alleged contract is ambiguous regarding the parties' intent, the interpretation of the language is a question of fact which a...court cannot properly determine on a motion to dismiss.").

To the extent AIG seeks to defeat Casey's claim on the ground that she allegedly cashed a check for eight percent of the policy proceeds in July 2013, Casey need not overcome affirmative defenses at the pleading stage. *See* Fed. R. Civ. P. 8(c)(1) (listing "accord and satisfaction," "payment," "release," and "waiver" as affirmative defense)

III.

AIG's motion to dismiss is DENIED for the reasons stated above. I also note that AIG's exhibits do not comply with the privacy protections set forth in Federal Rule of Civil Procedure 5.2(a). The Clerk of Court is therefore directed to seal Dkt. No. 10-1. AIG must re-file these exhibits with appropriate redactions no later than seven (7) calendar days after entry of this order.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: October 9, 2014