IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


|  |  |  |
|---|---|---|
| | ) | |
| LINDA CASEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14 C 3541 |
| | ) | |
| AMERICAN INTERNATIONAL | ) | |
| GROUP, INC., a Delaware | ) | |
| corporation a/k/a AMERICAN | ) | |
| GENERAL LIFE INSURSANCE CO. | ) | |
| f/k/a WESTERN NATIONAL LIFE | ) | |
| INSURSANCE CO. f/k/a AIG | ) | |
| ANNUITY INSURANCE CO., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Linda Casey ("Casey") has sued American General

Life Insurance Co. ("American General") for breach of contract

based on American General's refusal to acknowledge her as the

sole beneficiary of an annuity. The parties have filed cross-

motions for summary judgment. For the reasons discussed below,

American General's motion is granted and Casey's is denied.

I.

The relevant facts are largely undisputed.[1] On March 12,

2008, Natalie Bailey ("Bailey") submitted an application ("the

---

[1] The parties present conflicting allegations and evidence in
support of their respective views regarding the manner in which
the decedent would have wanted the annuity to be distributed.

First Application") to American General for a $97,000 annuity

policy ("the policy"). The application designated Bailey as the

Owner and Casey as the Joint Owner. The document contains a

provision stating: "If you do not want the Joint Owner to be the

Primary Beneficiary, check here and name Beneficiary below."

Pl.'s Ex. B at 1. The box was checked, indicating that Casey was

not to be the annuity's primary beneficiary. A list of eighteen

beneficiaries was attached to the form specifying what

percentage of the annuity each beneficiary was entitled to

receive. Bailey's husband, for example, was entitled to thirty

percent of the annuity; Casey was entitled to eight percent;

others were entitled to two percent.

On March 17, 2008, American General issued the annuity

policy to Bailey. The policy contains a provision stating: "If

you make a beneficiary change, the change will take effect on

the date you sign the change request form. However, we are not

responsible for any payment or other action taken before we have

received and acknowledged in writing your change request." Pl.'s

Ex. C at 5.

On April 18, 2008, Bailey and Casey submitted a second

application ("the Second Application") for the same annuity.

Pl.'s Ex. D. Again, Casey was listed as the Joint Owner of the

However, the parties' disputes on these points are irrelevant
for purposes of resolving their summary judgment motions.

annuity. This time, however, the box indicating that the Joint
Owner was not to be the primary beneficiary was not checked. In
addition, several other portions of the form remained
incomplete. For example, no box was checked for the question
asking, "Will this annuity replace or change any existing life
insurance or annuity contract in this or any other company?" or
the question, "Do you have any existing life insurance policies
or annuity contracts?" Also left uncompleted were the sections
of the form requesting the applicant's phone number, marital
status, age, and gender. It is undisputed that American General
received the Second Application in April 2008. Casey does not
dispute that she did not receive any communication from American
General acknowledging receipt of the Second Application at that
time. Neither is there any record that Bailey was sent any
acknowledgment.

     After Bailey passed away in May 2011, Casey was appointed
executor of her estate. Casey contacted American General about
the annuity and was told that it had only the First Application
on file. Casey claims that she informed American General that
this was mistaken. Nevertheless, after making no headway with
the company, she accepted the lesser amount and received a check
from American General in the amount of $7,807.06. She also
assisted other beneficiaries in submitting their claims and
obtaining their shares.

According to Casey, she later contacted American General with a question she had been asked by another beneficiary and was told that American General in fact had both the First and Second Applications for the annuity. Casey later obtained copies of both applications, and in October 2011, she wrote American General stating that it had made an error in distributing the annuity funds in accordance with the First Application. Pl.'s Ex. L.

During October and November 2011, Casey had a number of phone conversations with American General representatives. Entries in the company's internal system for documenting telephone communications indicate that Casey was told by an American General representative that the company would contact the other beneficiaries and request return of the money that had been distributed to them. *See, e.g.*, Pl.'s Ex. K at AGL 011 ("CONTACT LINDA CASEY AND ADVISE WE WILL BE CONTACTING THE OTHER BENEFICIARIES REQUESTING THE FUNDS BACK – PER THE APPLICATION SCANNED 04/08/08 THIS POLICY HAS JOINT RIGHTS OF SURVIVORSHIP – PLEASE ADVISE LINDA CASEY MIGHT TAKE THRU END OF NEXT WEEK TO GET RESOLVE STARTED.").

On November 9, 2011, American General contacted Sheila Carter ("Carter"), one of the beneficiaries listed on the First Application, to request return of the funds that had been disbursed to her. Carter suggested that American General contact

Geraldine Simmons ("Simmons"), a personal friend of Bailey's and the attorney of the estate. Simmons advised American General that she believed American General had acted properly in distributing the funds according to the First Application. She asked for copies of the documents and advised American General not to proceed further while she investigated the matter. On November 10, American General wrote the following to Simmons:

> As you requested I have enclosed a copy of the first application submitted to our company with a list of the designated beneficiaries for the above-referenced policy. I have also enclosed a copy of the second application that we received for Natalie Bailey as owner and annuitant with Linda Casey listed as joint owner of the policy. As you can see, this policy is different than the first application submitted as the box is no longer checked indicating that they would like for the surviving joint owner to receive the death benefits should one joint owner pass away.

Pl.'s Ex. M, Letter from Yvonne Salmon to Geraldine Simmons (Nov. 10, 2011).

On December 5, 2011, American General sent a letter to Casey stating, "Please be advised that as we now have competing claims, we will send this to our legal department and have them review to decide if an interpleader should be filed with the court to have them determine who should receive the funds." Pl.'s Ex. N, Letter from Angela Furlong to Linda Casey (Dec. 5, 2011). Casey contacted American General several times in the following months to inquire about the status of the matter. On

March 8, 2012, American General sent Casey a letter rejecting

her claim to the entire annuity:

> Please be advised that after review with our legal
> department, the referenced annuity contract was setup
> [sic] based on the March application. We sent out the
> annuity welcome packet based on the March application
> and the policy owner was aware that the annuity was
> already setup [sic] based on the fact that they
> received the packet prior to executing the second
> application. Therefore, it has been determined that
> the death benefit proceeds were paid in accordance
> with the designations made on the March application as
> there were no subsequent beneficiary changes on
> record.

Pl.'s Ex. O, Letter from Angela Furlong, American General

Annuity Claims Department, to Linda Casey (Mar. 8, 2012).

In March 2014, Casey filed suit in Illinois state court

alleging breach of contract.[2] American General removed the suit

to this court and later filed a motion to dismiss, which I

denied. *See Casey v. Am. Int'l Grp., Inc.*, No. 14 C 3541, 2014

WL 5073155 (N.D. Ill. Oct. 9, 2014). Both parties have now moved

for summary judgment.

## II.

"Summary judgment is proper when the 'pleadings,

depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no

---

[2] The policy includes a provision stating that it is governed by
the laws of the state in which it was delivered. *See* Pl.'s Ex. C
at 10. The parties agree that Illinois law applies to the
dispute. *See Casey v. Am. Int'l Grp., Inc.*, No. 14 C 3541, 2014
WL 5073155, at *2 (N.D. Ill. Oct. 9, 2014).

genuine issue as to any material fact and that the moving party
is entitled to a judgment as a matter of law.'" *Tegtmeier v.
Midwest Operating Engineers Pension Trust Fund*, 390 F.3d 1040,
1045 (7th Cir. 2004) (quoting Fed. R. Civ. P. 56(c)). In the
case of cross-motions for summary judgment, I "construe all
facts and inferences therefrom in favor of the party against
whom the motion under consideration is made." *Calumet River
Fleeting, Inc. v. Int'l Union of Operating Engineers, Local 150,
AFL–CIO*, 824 F.3d 645, 647–48 (7th Cir. 2016) (quotation marks
omitted).

As discussed in my previous opinion ruling on American
General's motion to dismiss, under Illinois law, American
General is entitled to strict compliance with the terms of the
annuity policy. *Casey*, 2014 WL 5073155, at *3. Moreover, the
"burden of proving that there has been strict compliance, and
therefore an effective change of an insurance beneficiary, rests
on the person claiming as the substitute beneficiary." 44A Am.
Jur. 2d Insurance § 1983. Casey has failed to carry that burden
here.

Pointing to the policy's change-of-beneficiary provision,
American General contends that annuity beneficiaries can be
changed only by submission of a "change request form," *see* Pl.'s
Ex C at 5 ("If you make a beneficiary change, the change will
take effect on the date you sign the change request form."), not

7

by submitting a second annuity application. American General has

submitted the form in question as an exhibit to its Local Rule

56.1(b)(C)(3) Statement of Additional Material Facts. *See* Def.'s

N.D. Ill. L.R. 56.1(b)(3)(C) Stmt. of Add'l Material Facts, Ex.

A. American General's Local Rule 56.1(b)(3)(C) Statement asserts

that in 2008, this was the form it used to make beneficiary

changes to annuity policies. *Id*. ¶ 1 Since Casey has not replied

to American General's Local Rule 56.1(b)(3)(C) Statement, these

representations are deemed admitted. *See* N.D. Ill. L.R.

56.1(a)(3) ("All material facts set forth in the statement filed

pursuant to section (b)(3)(C) will be deemed admitted unless

controverted by the statement of the moving party."). It follows

that submission of the second annuity application form did not

constitute strict compliance with the policy's requirements for

changing beneficiaries. As a result, American General is

entitled to summary judgment.

I note, however, that even without the change request form,

Casey has failed to present a plausible case in support of her

claim that she strictly complied with the policy. First, Casey

offers no reasonable basis for thinking that the annuity

application form was intended to be used to change

beneficiaries. According to Casey, American General must have

intended the form to serve this purpose because it asks, "Will

this annuity replace or change any existing life insurance or

annuity contract in this or any other company?" The question

makes no reference to beneficiaries. In any event, neither box

is checked in response to this question on the Second

Application. Thus, even assuming that submitting a second

annuity application could otherwise have been an acceptable

method for changing beneficiaries, the Second Application would

have failed to provide the necessary information and would not

have constituted strict compliance with the policy's

requirements.[3]

III.

For the reasons above, American General's motion for

summary judgment is granted and Casey's motion is denied.


**ENTER ORDER:**

_Elaine E. Bucklo_

**Elaine E. Bucklo**
United States District Judge

Dated: February 21, 2017

---

[3] American General has asserted a number of additional arguments
in support of its motion for summary judgment. In particular, it
argues that Casey has waived, or is estopped from asserting, any
right to the entire annuity by accepting the eight-percent share
initially distributed to her. American General also argues that
her acceptance of the lesser sum represents an accord and
satisfaction with respect to any contract between the parties.
Having found that Casey's position fails on other grounds, I do
not address these further contentions.